UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLON, | § § | |
| Plaintiff, | § § | |
| vs. | § § | No. 1:19-cv-02482 |
| | § | |
| K2M, INC., and ANY AND ALL UNKNOWN MANUFACTURERS OF THE DEVICES IN QUESTION, | § § § § | Judge Sara L. Ellis |
| Defendants. | § § | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Christopher Colon ("Colon"), and Defendant, K2M, Inc. ("K2M"), submit this joint initial status report before the initial status conference set for June 13, 2019 at 1:30 p.m.

**1.     The Nature of the Case:**

**A.     Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

ATTORNEYS FOR PLAINTIFF,
CHRISTOPHER COLON

Barney & Karamanis, LLP
James A. Karamanis, Esq.
Kenneth A. Nazarian, Esq.
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300

ATTORNEYS FOR DEFENDANT,
K2M, INC.

Riley Safer Holmes & Cancila LLP
ROBERT H. RILEY
BRIAN O. WATSON
RAYMOND D. RUSHING
Three First National Plaza
70 W. Madison St., Ste. 2900

1

Chicago, Illinois 60602
Telephone: (312) 471-8700
rriley@rshc-law.com
bwatson@rshc-law.com
rrushing@rshc-law.com

Crump & Deutsch, PLLC
NICHOLAS N. DEUTSCH (LEAD ATTORNEY, PRO HAC TO BE FILED)
Texas Bar No. 24059675
Southern District No. 875144
E-Mail: ndeutsch@cdlawtx.com
2825 Wilcrest Dr., Suite 216
Houston, Texas 77042
Telephone: (713) 600-4359

**B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff sued K2M for negligence, strict products liability (including allegations that the device was defectively designed, manufactured, and marketed), breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose, arising from allegedly defective K2M 4.5 30mm thoracic screws implanted by Plaintiff's surgeon.

K2M denies Plaintiff's allegations and specifically denies that the device at issue had any defects.

**C.    Briefly identify the major legal and factual issues in the case.**

Plaintiff makes claims for strict product liability relating to the design, manufacture, and marketing of the Product, as well as breach of implied and express warranty. The factual issues involve whether the K2M 4.5 30mm thoracic screws designed, manufactured, and marketed by Defendant were defective. Plaintiff's damages as a result of the alleged defects will also likely be a point of dispute between the parties.

**D.    State the relief sought by any of the parties.**

Plaintiff's Complaint pleads that he is seeking monetary relief in excess of $50,000.00 in actual damages. In addition, Plaintiff's Complaint seeks special damages, consequential damages, punitive damages, costs of court, and reasonable and necessary attorneys' fees.

K2M has not claimed damages from Plaintiff.

**2.    Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

**A.    Identify all federal statutes on which federal question jurisdiction is based.**

2

Subject matter jurisdiction is not based on a federal question.

**B.    If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

**(1)    State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is no dispute regarding the amount in controversy. Plaintiff's Complaint pleads that he is seeking monetary relief in excess of $50,000.00 in actual damages. In addition, Plaintiff's Complaint seeks special damages, consequential damages, punitive damages, costs of court, and reasonable and necessary attorneys' fees.

**(2)    Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

Colon is a resident citizen of Chicago, Illinois.

K2M is a Delaware corporation with its principal place of business in Virginia.

**3.    Status of Service: Identify any defendants that have not been served.**

K2M is the only defendant and has appeared.

**4.    Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

There is not unanimous consent to proceed before the United States Magistrate Judge.

**5.    Motions:**

**A.    Briefly describe any pending motions.**

There are no pending motions.

**B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

> **NOTE 3: If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.**

K2M has answered the Plaintiff's Complaint.

3

**6. Case Plan:**

**A. For Cases in the Mandatory Initial Discovery Pilot ("MIDP"): Provide a description of the parties' discussion of the mandatory discovery responses required by the MIDP. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental responses involved in any unresolved limitations or discovery issues. During the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.**

The parties have discussed the mandatory discovery responses required by the MIDP. The parties anticipate the need for a protective order to ensure the confidentiality of any Plaintiff's medical records and information, as well as technical information related to the design, manufacture, or creation of Defendant's product.

**B. Submit a proposal for a discovery plan, including the following information:**

**(1) The general type of discovery needed;**

Fact and expert discovery as to Plaintiff's claims for negligence, strict products liability (including allegations that the device was defectively designed, manufactured, and marketed), breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose, arising from allegedly defective K2M 4.5 30mm thoracic screws implanted by Plaintiff's surgeon.

K2M anticipates conducting discovery on at least the following subjects: (1) the facts and circumstances relating to Plaintiff's use of the medical device at issue; (2) the nature of the alleged defects with respect to the device at issue; (3) the facts and circumstances regarding Plaintiff's activities before and after his alleged injury which gave rise to this lawsuit; (4) the condition of the device at issue; and (5) the nature, cause, and extent of Plaintiff's alleged injuries and damages.

**(2) For Cases Exempt from the MIDP: A date for Rule 26(a)(1) disclosures;**

Not applicable.

**(3) First date by which to issue written discovery;**

The parties anticipate sending initial written discovery by July 19, 2019.

**(4) A fact discovery completion date;**

The parties agree that fact discovery can be completed by May 29, 2020.

**(5) An expert discovery completion date, including dates for the delivery of expert reports;**

4

The parties agree that Plaintiff shall designate experts and provide the reports required by Rule 26(a)(2)(B) by June 30, 2020. Defendant will be able to designate responsive experts and provide their reports by July 31, 2020. The parties agree that expert discovery can be completed by September 30, 2020.

  **(6)  For Cases in the MIDP: A date for final supplementation of the mandatory initial discovery responses; and**

The parties agree that final supplementation of the mandatory initial discovery response will be completed by May 29, 2020.

  **(7)  A date for the filing of dispositive motions.**

The parties agree that all dispositive motion will be filed by October 31, 2020.

**C.  With respect to trial, indicate the following:**

  **(1)  Whether a jury trial is requested; and**

The parties have requested a jury trial.

  **(2)  The probable length of trial.**

The parties anticipate a two-week trial.

**7.  Status of Settlement Discussions:**

  **A.  Indicate whether any settlement discussions have occurred;**

No settlement discussions have occurred at this time. The parties believe that settlement discussions will be more meaningful after some discovery has been conducted.

  **B.  Describe the status of any settlement discussions; and**

No settlement discussions have occurred at this time. The parties believe that settlement discussions will be more meaningful after some discovery has been conducted.

  **C.  Whether the parties request a settlement conference.**

No settlement discussions have occurred at this time. The parties believe that settlement discussions will be more meaningful after some discovery has been conducted.

Dated: June 6, 2019                               Respectfully submitted,

BARNEY & KARAMANIS, LLP

By: */s/* Kenneth A. Nazarian
James A. Karamanis, Esq.
Kenneth A. Nazarian, Esq.
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300

**ATTORNEYS FOR PLAINTIFF,
CHRISTOPHER COLON**


RILEY, SAFER, HOLMES & CANCILA LLP

By: */s/ Brian O. Watson*
ROBERT H. RILEY
BRIAN O. WATSON
Three First National Plaza
70 W. Madison St., Ste. 2900
Chicago, Illinois  60602
Telephone:  (312) 471-8700
rriley@rshc-law.com
bwatson@rshc-law.com

CRUMP & DEUTSCH, PLLC

NICHOLAS N. DEUTSCH  (PRO HAC TO BE FILED)
Texas Bar No. 24059675
Southern District No. 875144
E-Mail:  ndeutsch@cdlawtx.com
2825 Wilcrest Dr., Suite 216
Houston, Texas  77042
Telephone:  (713) 600-4359

**ATTORNEYS FOR DEFENDANT,
K2M, INC.**

6

## **CERTIFICATE OF SERVICE**

On June 6, 2019, I electronically submitted these papers with the Clerk of Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Brian O. Watson*
BRIAN O. WATSON